IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LOGAN | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| BOROUGH OF COLWYN | : | **No.** |
| 221 Spruce Street | : | |
| Colwyn, PA 19023 | : | |
| | : | |
| *And* | : | |
| | : | |
| MAURICE J. CLARK, SR. | : | |
| Colwyn Borough Mayor | : | **JURY TRIAL DEMANDED** |
| 221 Spruce Street | : | |
| Colwyn, PA 19023 | : | |
| | : | |
| *And* | : | |
| | : | |
| ISHMIAL JOHNSTON | : | |
| (In His Official and Individual Capacities) | : | |
| Former Colwyn Borough Chief of Police | : | |
| 222 Spruce Street | : | |
| Colwyn, PA 19023 | : | |
| | : | |
| *And* | : | |
| | : | |
| JABRIL MUHAMMAD | : | |
| (In His Official and Individual Capacities) | : | |
| Colwyn Borough Police Officer | : | |
| 222 Spruce Street | : | |
| Colwyn, PA 19023 | : | |
| | : | |
| *Defendants.* | : | |

## **COMPLAINT**

Plaintiff Joseph Logan by and through his attorneys, van der Veen, Hartshorn, and Levin, hereby asserts the following Complaint against Defendants, Borough of Colwyn, Mayor Maurice

1

J. Clark, Former Chief of Police Ishmial Johnston, and Officer Jabril Muhammad, and in support thereof avers as follows:

## PARTIES

1. Plaintiff Joseph Logan ("Plaintiff" or "Mr. Logan") at all relevant times was a resident of Delaware County, Pennsylvania.

2. Defendant Borough of Colwyn ("Defendant Borough" or "Colwyn") is a municipality, organized by and through the Commonwealth of Pennsylvania.

3. Defendant Maurice J. Clark, Sr. ("Mayor Clark"), at all relevant times hereto, served as the Mayor of Colwyn Borough. Mayor Clark was responsible for overseeing the Colwyn Borough Police Department and promulgating and enforcing policies, procedures, and customs applicable to the Colwyn Police Department and its officers. Mayor Clark is sued in both his official capacity as a decision maker and his individual capacity.

4. Defendant Ishmial Johnson ("Chief Johnston"), at all relevant times relevant hereto, served as the Borough of Colwyn's Chief of Police employed by and an agent of the municipality. Chief Johnston was charged with maintaining and enforcing the Colwyn Police Department's practices, policies, and procedures. He is sued in his official capacity as a decision maker and in his individual capacity.

5. At all times relevant hereto, Defendant Jabril Muhammad ("Defendant Muhammad" or "Officer Muhammad") was a duly appointed and acting officer of the Colwyn Police Department ("Colwyn PD"). He is sued in his individual capacity.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

7. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

8. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. §1367.

## VENUE

9. Venue is proper in the District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the District and involve Defendants who reside within the jurisdictional limits.

## FACTS

**Background on Colwyn Borough:**

10. Colwyn Borough, located in Delaware County, Pennsylvania, has become well-known for its corruption.

11. Multiple news sources have reported about Colwyn's corruption, specifically corruption within the police department. *See*, Exhibit A.

12. On November 8, 2021, Colwyn Resident Kimberly Brown filed a lawsuit against the Colwyn Borough Mayor, Maurice Clark, and Colwyn Police Officers Donald Quick, Michael Hale, and Ishmial Johnston, who served as an officer at all relevant points described in Ms. Brown's complaint. *See*, Exhibit B.

13. The Colwyn Borough Council and Mayor Clark promoted Ishmial Johnston to Chief of Police on or around May 20, 2022. *See*, Exhibit C.

14. The Council and Mayor Clark knew at the time of his promotion that Chief Johnston previously pled guilty to harassment following a 2018 incident with an ex-girlfriend. *Id*.

15. On October 2, 2023, Chief Johnston abruptly resigned without further explanation. The Council did not name a replacement. *See*, Exhibit D.

16. Shortly thereafter, on October 27, 2023, Chief Johnston was arrested for assault and harassment against a former romantic partner. Law enforcement subsequently filed various additional charges against Chief Johnston related to this incident, including stalking, invasion of privacy, intercepting communications, and victim intimidation. *See*, Exhibit E.

17. Chief Johnston allegedly told the victim that the police would not take any action against him because of his status as law enforcement. During their investigation, law enforcement also discovered that Chief Johnston set up a hidden surveillance camera within the victim's home.

**Plaintiff's First Interaction with Officer Muhammad:**

18. On June 25, 2022 at approximately 11:55 p.m., Officer Jabril Muhammad pulled over Mr. Logan while he was driving and automobile in the Borough of Colwyn.

19. Mr. Logan informed Officer Muhammad that he was unable to produce certain documentation, such as proof of insurance and registration, due to the fact that he was homeless and living out of his car.

20. Officer Muhammad proceeded to issue Mr. Logan three (3) separate tickets.

21. The first ticket was for operating a vehicle without valid insurance, in violation of 75 Pa.C.S. §1786(f), and carried a fine of $387.

22. The second ticket was for operating a vehicle without a valid registration, in violation of 75 Pa.C.S. §1301(a), and carried a fine of $204.50.

23. The third and final ticket was for operating a vehicle with a suspended registration, in violation of 75 Pa.C.S. §1371(a), and carried a fine of $587.

24. On September 8, 2022, Mr. Logan appeared before the Honorable Tammi L. Forbes in Magisterial District Court 32-2-37 regarding the tickets. Officer Muhammad was also present and attempted to convince Mr. Logan not to fight the tickets.

25. Judge Forbes dismissed all three tickets pending against Mr. Logan against the will of Officer Muhammad.

**Events of September 11, 2022:**

26. Officer Muhammad proceeded to follow and harass Mr. Logan after the dismissal of the tickets, likely taking Judge Forbes' ruling in favor of Mr. Logan as an affront to his pride.

27. On September 10, 2022, Mr. Logan and a few friends gathered at a friend's home in Colwyn Borough. Officer Muhammad knew that Mr. Logan regularly spent time at this residence and Mr. Logan, in fact, noticed Officer Muhammad drive by the residence several times during the course of the night.

28. At approximately 2:28 a.m., Mr. Logan and a few friends walked outside the residence to smoke cigars. Mr. Logan carried with him a cup of ginger ale on this outdoor smoke.

29. Officer Muhammad noticed the group come outside while surveilling the residence and quickly exited his vehicle.

30. Officer Muhammad aggressively approached Mr. Logan and immediately placed him in handcuffs, stating that he was under arrest.

31. Mr. Logan repeatedly asked why he was being placed under arrest and received no response.

32. After handcuffing Mr. Logan's hands behind his back, Officer Muhammad forced Mr. Logan into the back seat of his patrol vehicle.

33. While Mr. Logan continued to request an explanation for his arrest, Officer Muhammad turned and slammed the door in Mr. Logan's face causing him significant pain and injury.

34. Mr. Logan's then-girlfriend, Imani Stinnett, filmed this interaction while repeatedly questioning Officer Muhammad as to why he was arresting Mr. Logan.

35. After placing Mr. Logan in the back of his patrol vehicle, Officer Muhammad similarly placed Ms. Stinnett under arrest without providing any reasonable justification.

36. Officer Muhammad then transported Mr. Logan and Ms. Stinnett to the Colwyn Police Department where he left them handcuffed to a bench for several hours.

37. It was at this point that Officer Muhammad first informed Mr. Logan that he was under arrest for having an open container of alcohol, which even if true, would not violate any laws of the Commonwealth, but only a local ordinance for which alone a physical arrest is not authorized in Pennsylvania.

38. When Mr. Logan adamantly swore that the container he was carrying only contained ginger ale, Officer Muhammad then changed his story and said that the pair had been smoking marijuana.

39. Notably, Officer Muhammad did not collect any evidence of these supposed offenses from the scene.

40. Officer Muhammad ultimately released Mr. Logan and Ms. Stinnett on or around when the next shift arrived and informed them that charges would be pressed.

41. Mr. Logan returned to the police station later that same day in order to file a complaint against Officer Muhammad.

42. Mr. Logan was immediately treated with hostility and officers made degrading comments regarding his background and that of those persons he associates with.

43. While the Colwyn Police Department agreed to allow Mr. Logan to file a complaint against Officer Muhammad, Mr. Logan believed any complaint filed would immediately be placed in the trash after his departure and therefore elected to retain counsel.

**Aftermath of September 11, 2022 Incident:**

44. On November 21, 2022, the undersigned sent a letter to the Chief of Police for the Colwyn Borough Police Department requesting an explanation for what occurred on September 11, 2022.

45. Counsel for Mr. Logan received no response.

46. Nearly three months after the incident, on December 7, 2022, Officer Muhammad filed a criminal complaint against Mr. Logan arising from the events of September 11, 2022.

47. The criminal complaint charged Mr. Logan with Possession of Marijuana, in violation of 35 P.S. §780-113, and Disorderly Conduct—Obscene Language/Gesture, in violation of 18 P.S. §5503(A)(3).

48. In the Affidavit of Probable Cause, Officer Muhammad averred that while inside his patrol vehicle, he observed Mr. Logan with an open container and smoking a marijuana rolled cigar.

49. Officer Muhammad provided absolutely no explanation as to how he concluded the cup Mr. Logan carried contained alcohol, nor how he determined the cigar Mr. Logan smoked contained marijuana.

50. No evidence was collected from the scene of arrest. As such, no lab testing occurred which could corroborate (or refute) Officer Muhammad's allegations that the container was filled with alcohol and/or that the cigar contained marijuana.

51. Officer Muhammad's complaint also failed to provide any explanation for the nearly three month delay in bringing charges.

52. On January 18, 2023, Mr. Logan appeared with counsel for his preliminary hearing on these charges.

53. When Mr. Logan's counsel expressed that they were prepared to move forward with the preliminary hearing, the Commonwealth requested the Court postpone the hearing to allow additional time for investigation.

54. The Commonwealth subsequently withdrew all charges pending against Mr. Logan.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983
## FOURTH AMENDMENT VIOLATIONS
## FALSE ARREST
(*Plaintiff v. Officer Muhammad*)

55. Plaintiff incorporates the preceding factual averments of this Complaint as if same were set forth herein at length.

56. On September 11, 2022, Officer Muhammad arrested Mr. Logan for Possession of Marijuana, in violation of 35 Pa.C.S. §780-113(a)(31), and Disorderly Conduct—Obscene Language or Gestures, in violation of 18 Pa.C.S. §5503(a)(3).

57. Officer Muhammad, acting under the color of state law, arrested Mr. Logan on both counts in the absence of probable cause and without a warrant.

58. Officer Muhammad knew or should have known that he lacked probable cause to arrest Mr. Logan for possession of marijuana, given that no marijuana was located on the scene. Officer Muhammad failed to collect as evidence the cigar he claimed contained marijuana for testing of its contents and thus denying Mr. Logan the opportunity to reasonably defend himself against these allegations.

59. Officer Muhammad also knew or should have known that he lacked probable cause to arrest Mr. Logan for disorderly conduct, specifically using obscene language or gestures.

60. Officer Muhammad's Affidavit failed to mention a single offensive statement or gesture made by Mr. Logan. Instead, Officer Muhammad seems to have been under the impression that having an open container of alcohol supported this charge.

61. Further, even if this charge could be supported by allegations of an open container, Officer Muhammad still lacked probable cause to effectuate Plaintiff's arrest. Officer Muhammad failed to offer any explanation as to how he concluded Mr. Logan's cup contained alcohol and similarly failed to collect as evidence the offending cup for testing its contents and denying Mr. Logan the ability to conclusively defend against this charge.

62. Officer Muhammad offered no explanation in his Affidavit for why he failed to collect any evidence from the scene.

63. On September 11, 2022, Officer Muhammad did not arrest Mr. Logan based on actual suspicion that he committed a criminal offense, but instead to harass and retaliate against Mr. Logan for his successful challenge before the Court.

64. By effectuating the false arrest described above, Officer Muhammad, acting under the color of state law, violated and deprived Mr. Logan of his clearly established and well-settled civil right to be free from arrest without probable cause in violation of the Fourth and Fourteenth

9

Amendments to the United States Constitution and the constitution of the Commonwealth of Pennsylvania.

65. Officer Muhammad's false arrest directly and proximately caused Mr. Logan physical and psychological injury.

66. Officer Muhammad acted with reckless and callous indifference to the federal protected rights of Mr. Logan, warranting an award of punitive damages to the fullest extent permitted by law.

67. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT TWO**
**VIOLATION OF 42 U.S.C. § 1983**
**FOURTH AMENDMENT**
**EXCESSIVE FORCE**
(*Plaintiff v. Officer Muhammad*)

68. Plaintiff incorporates the preceding factual averment paragraphs of this Complaint as if same were set forth herein at length.

69. On September 11, 2022, Officer Muhammad restrained Mr. Logan's hands behind his back, limiting his ability to defend himself or protect himself from impact.

70. Officer Muhammad, acting under the color of state law and with callous indifference and reckless disregard for Mr. Logan's safety and wellbeing, slammed the patrol car door in Mr. Logan's face while he was sitting in the vehicle.

71. Officer Muhammad's conduct of slamming the patrol vehicle door on Mr. Logan's face, while his hands were restrained behind his back, constituted excessive force in violation of the Fourth Amendment of the United States Constitution and the constitution of the Commonwealth of Pennsylvania.

72. As a direct and proximate result of Officer Muhammad's conduct, Mr. Logan suffered head injury and required medical treatment.

73. Officer Muhammad's intentional and deliberate use of excessive force directly and proximately caused Mr. Logan physical and psychological injury.

74. Officer Muhammad acted with reckless and callous indifference to the federal protected rights of Mr. Logan, warranting an award of punitive damages to the fullest extent permitted by law.

75. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT THREE
## VIOLATION OF 42 U.S.C. § 1983
## FOURTH AMENDMENT
## MALICIOUS PROSECUTION
### (*Plaintiff v. Officer Muhammad*)

76. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

77. On December 7, 2022, nearly three months after the illegal arrest, Officer Muhammad initiated criminal proceedings against Mr. Logan by filing the criminal complaint.

78. Officer Muhammad filed the criminal charges against Mr. Logan with actual knowledge that he lacked probable cause to support the offenses alleged.

79. Officer Muhammad acted with malicious intent when he instituted criminal proceedings against Mr. Logan, intending to cause him harm and humiliation.

80. Officer Muhammad's actions in maliciously prosecuting Plaintiff deprived him of his constitutional rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the constitution of the Commonwealth of Pennsylvania.

81. As a direct and proximate result of Officer Muhammad's conduct, Plaintiff suffered psychological and emotional harm, reputational damage, and economic damages.

82. Officer Muhammad acted with reckless and callous indifference to the federal protected rights of Mr. Logan, warranting an award of punitive damages to the fullest extent permitted by law.

83. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT FOUR
## VIOLATIONS OF 42 U.S.C. § 1983
## SUPERVISORY LIABILITY
*(Plaintiff v. Chief Johnston)*

84. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

85. At all relevant times hereto, Chief Johnston was responsible for supervising the Colwyn Police Department and its officers.

86. Chief Johnston's subordinate, Officer Muhammad, violated Plaintiff's constitutional rights by arresting Plaintiff without probable cause and using excessive force against Plaintiff during the course of the arrest.

87. Chief Johnston knew or should have known that Officer Muhammad was improperly using his authority as a Colwyn Police Officer to harass and stalk Plaintiff.

88. Chief Johnston's supervision of Officer Muhammad served as a direct and proximate cause of Plaintiff's injuries.

89. Chief Johnston acted with reckless and callous indifference to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

90. Chief Johnston's subordinate, Officer Muhammad, also violated Plaintiff's constitutional rights by maliciously instituting legal proceedings against Plaintiff.

91. Counsel for Plaintiff sent a letter directly to the attention of the Chief of Police on November 21, 2022 advising him of the situation between Plaintiff and Officer Muhammad.

92. Instead of responding to Counsel's letter or disciplining Officer Muhammad, Chief Johnston brought the letter to Officer Muhammad's attention and either directed Officer Muhammad to draft a complaint to cover for the improper arrest or ratified Officer Muhammad's choice to do so through acquiescence.

93. Chief Johnston either directed or permitted an officer under his supervision to file a criminal complaint nearly three (3) months after the arrest occurred in an attempt to justify the false arrest and use of force.

94. Chief Johnston's supervision of Officer Muhammad served as a direct and proximate cause of Plaintiff's injuries.

95. Chief Johnston acted with reckless and callous indifference to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

96. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

### COUNT FIVE
### VIOLATIONS OF 42 U.S.C. § 1983
### FAILURE TO SUPERVISE
*(Plaintiff v. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston)*

97. Plaintiff incorporates the preceding factual averments paragraphs of this Complaint as if same were set forth herein at length.

98. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston are responsible for promulgating and enforcing policies, procedures, and customs applicable to the Colwyn Police Department and its officers.

99. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston adopted a policy, procedure, or custom of inadequate supervision over Colwyn Police Officers.

100. Colwyn Police Officers are tasked with regularly interacting with Colwyn citizens and are given the authority to effectuate arrests and take other actions capable of violating a citizen's constitutional rights absent probable cause.

101. Upon information and belief, Defendants Colwyn Borough, Mayor Clark, and Chief Johnston allowed Officer Muhammad to harass and stalk Mr. Logan while on duty through their inadequate supervision.

102. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston also allowed Officer Muhammad to arrest Plaintiff without probable cause and hold him at the Colwyn Borough Police Station for several hours following the false arrest, in plain view of other officers and supervisors.

103. Finally, Defendants Colwyn Borough, Mayor Clark, and Chief Johnston permitted Officer Muhammad to file a criminal complaint against Plaintiff nearly three (3) months after his arrest for charges entirely unsupported by probable cause.

104. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston acted with deliberate indifference to the rights of its citizens when it adopted a policy, procedure, or custom of inadequate supervision.

105. The inadequate supervision caused by Defendants Colwyn Borough, Mayor Clark, and Chief Johnston directly and proximately caused the harm suffered by Plaintiff at the hands of Officer Muhammad.

106. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT SIX
## VIOLATIONS OF 42 U.S.C. § 1983
## FAILURE TO SCREEN
*(Plaintiff v. Defendants Colwyn Borough and Mayor Clark)*

107. Plaintiff incorporates the preceding factual averment paragraphs of this Complaint as if same were set forth herein at length.

108. Defendants Colwyn Borough and Mayor Clark are responsible for the screening, hiring, and promotion of officers within the Colwyn Police Department.

109. On or around May 20, 2022, Colwyn Borough and Mayor Clark promoted Ishmial Johnston to Chief of Police of the Colwyn Borough with full knowledge of his criminal history and his lack of appropriate qualifications.

110. Chief Johnston was thirty (30) years old at the time of his promotion and had served less than two years with the Colwyn Police Department. During his brief tenure with the Colwyn Police Department prior to his promotion, Chief Johnston found himself named in a lawsuit alleging police misconduct and corruption within the department.

111. The Colwyn Borough Council and Mayor Clark also knew at the time of Chief Johnston's promotion that he previously pled guilty to harassing an ex-girlfriend.

112. Knowing of Chief Johnston's criminal history and lack of qualifications, Colwyn Borough and Mayor Clark acted with deliberate indifference to the rights of their citizens when

they promoted Chief Johnston to a position of power and authority over the Colwyn Police Department.

113.    Defendants Colwyn Borough and Mayor Clark knew or should have known that appointing an individual with Chief Johnston's criminal history and lack of qualifications to supervise the Colwyn Police Department would foreseeably result in constitutionally insufficient supervision and oversight.

114.    Defendants Colwyn Borough and Mayor Clark's inadequate screening and hiring process directly and proximately caused the harm suffered by Plaintiff at the hands of Officer Muhammad.

115.    Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT SEVEN**
**VIOLATIONS OF 42 U.S.C. § 1983**
**UNCONSTITUTIONAL POLICY, PROCEDURE OR CUSTOM**
*(Plaintiff v. Defendants Colwyn Borough, Mayor Clark, and Chief Johnston)*

116.    Plaintiff incorporates the preceding factual averment paragraphs of this Complaint as if same were set forth herein at length.

117.    Defendants Colwyn Borough, Mayor Clark, and Chief Johnston, with deliberate indifference to the rights of their citizens, initiated, tolerated, permitted, failed to correct, promoted, and/or ratified a custom, pattern, or practice on the part of its officers, including Officer Muhammad, of effectuating arrests and filing criminal complaints for charges involving controlled dangerous substances without collecting the substance in question for further testing and analysis without reasonable justification.

118.    Such a policy, pattern, or practice allows officers to violate the constitutional rights of citizens by allowing for their seizure and initiation of legal proceedings against them based

solely on the uninformed word of the arresting officer not only that a substance constituted contraband, but also that such a substance ever existed.

119. Officer Muhammad was accompanied by another Colwyn Police Officer on the night of Plaintiff's arrest. Neither Officer Muhammad nor the second officer collected the cigar alleged to contain marijuana or the cup alleged to contain alcohol.

120. As a direct and proximate cause of Defendants Colwyn Borough, Mayor Clark, and Chief Johnston's unconstitutional policy, pattern, or practice, Plaintiff suffered physical and psychological harm.

121. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT EIGHT
## ASSAULT AND BATTERY
*(Plaintiff v. Officer Muhammad)*

122. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

123. On September 11, 2022, Officer Muhammad physically apprehended Plaintiff, placed him in handcuffs, shoved him into the back of a patrol vehicle, and slammed the car door in his face while his arms were handcuffed behind his back.

124. By the conduct set forth above, by physically assaulting and battering Plaintiff, Officer Muhammad used unreasonable force intended to cause harmful and offensive contact to Plaintiff's person.

125. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. That this Court find that Defendants committed acts and omissions violating the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983;

2. As to Counts I, II, and III, a judgment against Defendant Muhammad for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

3. As to Count IV, a judgment against Defendant Johnston for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

4. As to Count V, a judgment against Defendants Colwyn Borough, Mayor Clark, and Chief Johnston for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

5. As to Count VI, a judgment against Defendants Colwyn Borough, Mayor Clark, and Chief Johnston for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

6. As to Count VII, a judgment against Defendants Colwyn Borough, Mayor Clark, and Chief Johnston for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

7. As to Count VIII, a judgment against Defendant Muhammad for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees and interest; and

8. For such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

*/s/ Bruce L. Castor, Jr.*

Date: December 28, 2023    By: _____

Bruce L. Castor, Jr.
I.D. No. 46370
Kaitlin C. McCaffrey
I.D. No. 329960
Attorneys for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that I have reviewed the foregoing Complaint and that the factual allegations are true and correct.

Date: December 28, 2023

DocuSigned by:

_____
Joseph Logan

455F4A06868F42F...